LECLANCHA BATTERY Co. *v.* WESTERN ELECTRIC Co.

*(Circuit Court, S. D. New York. August 25, 1884.)*

TRADE-MARK—VALIDITY OF MARK IN DOUBT—PRELIMINARY INJUNCTION.
  Where it is very doubtful whether the name claimed as a trade-mark does not describe the articles themselves, and the kind of them, and indicate that they are made according to the patent known by the name claimed, rather than that the patentee made them, a preliminary injunction should not be granted.

In Equity.
*Edward N. Dickerson, Jr.,* for orator.
*George P. Barton,* for defendant.

WHEELER, J. The orator seeks, by motion for a preliminary injunction, to have the defendant restrained from using the words, "Pile Leclancha" and "Disque," and the orator's style of label, upon batteries of the defendant's manufacture. Leclancha was a patentee of an electric battery. One form of his batteries was known as the "disque." The word "pile" has been used to signify a battery. The prominent feature of the label is a cut of medals awarded to Leclancha's batteries. The question, of course, is whether these words and this label improperly indicate that the batteries come from the orator, or are merely descriptive of their style and qualities. The patented batteries, of course, would become known to some extent as Leclancha batteries, and the word "disque" would naturally follow that form. These words would become apt to describe the batteries and that kind of them, and would indicate that they were made according to the patent, rather than that the patentee, or the orator bearing his name, made them. *Singer Manuf'g Co.* v. *Stanage,* 6 FED. REP. 279; *Burton* v. *Stratton,* 12 FED. REP. 696; *Hostetter* v. *Fries,* 17 FED. REP. 620; *Wilcox & Gibbs S. M. Co.* v. *The Gibbens Frame,* Id. 623. As the medals were awarded to the patented batteries, the representation of them upon the labels would be indicative of the reputation of these batteries rather than of their origin. Under these circumstances and authorities, the question whether these things all together amount to

an unlawful representation of the source of the batteries is so doubtful that the granting of a preliminary injunction does not appear to be warranted.

Motion denied.